## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYNE STATE UNIVERSITY

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY (DHS);
U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);
ALEJANDRO MAYORKAS, Secretary of United States Department of Homeland
Security (DHS), in his official capacity; and
UR MENDOZA JADDOU, Director of USCIS, in her official capacity; and
TRACY RENAUD, Acting Deputy Director, USCIS, in her official capacity.

Respondents.

_____/

BIRACH LAW, PC
By: Robert M. Birach, Esq (P29051)
26211 Central Park Blvd., Suite 209
Southfield, MI 48076
Tel: (313) 964-1234
Fax: (313) 887-0263
Email: bob@cgblegal.com

## PETITION FOR WRIT OF MANDAMUS

1

## INTRODUCTION

Plaintiff states:

1.    Plaintiff, Wayne State University, brings forth this action to compel Defendants to adjudicate its properly filed I-129 Petition for Nonimmigrant Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval.

2.    Plaintiff requests immediate adjudication of its petition as Defendants have improperly withheld action on this petition to Plaintiff's detriment.

3.    No petition for a writ of mandamus has been previously filed by Plaintiff to review the actions described herein.

## PARTIES

4.    Plaintiff, Wayne State University is a public research university Detroit, Michigan.

5.    The Defendants are:

  i.  U.S. Department of Homeland Security (DHS);

  ii.  U.S. Citizenship and Immigration Services (USCIS);

  iii. Alejandro Mayorkas, Secretary of United States Department of Homeland Security (DHS), in his official capacity;

2

iv. Ur Mendoza Jaddou, Director of U.S. Citizenship & Immigration Service (USCIS), in her official capacity; and

v. Tracy Renaud, Acting Deputy Director, USCIS, in her official capacity.

## JURISDICTION AND VENUE

6.   This Court has personal jurisdiction over all Respondents, as they can be reached by service of process.

7.   Subject matter jurisdiction is conferred on this Court by:

i.   28 U.S.C. § 1331 (Federal Question Jurisdiction): The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States;

ii.  28 U.S.C. § 1361 (Mandamus Statute): The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency to perform a duty owed to the Petitioner;

iii. 5 U.S.C. S 706, *et seq*. (Administrative Procedures Act): The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.

3

      iv. 8 U.S.C. § 555(b): "[w]ith due regard for the convenience and necessity

          of the parties or their representatives and within a reasonable time, each

          agency shall proceed to conclude a matter presented to it."

8.    Venue in the Eastern District of Michigan is proper under 28 U.S.C. §

1391(e) and 28 U.S.C. § 2891(e) because Plaintiff's action is against officers and

agencies of the United States in their official capacities brought in a district where

Plaintiff resides, and all the defendants can be reached by service of process.

## STANDING

9.    Plaintiff has constitutional standing under *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 559 (1992), as one who has suffered a concrete injury due to

Defendants' action (or failure to act), which injury will be redressed by a favorable

decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992).

Plaintiff has been injured by the ongoing failure of Defendants to timely adjudicate

its properly filed I-129 Petition for Nonimmigrant Worker on behalf of Gerardo

Estanislao Rodriguez-Sandoval

## EXHAUSTION OF REMEDIES

10.    Plaintiff has exhausted all the administrative remedies available to him at

this point.

11.    USCIS has failed to perform its mandate in a timely manner, as described in this lawsuit.

12.    Petitioner has no adequate remedies available to him other than resorting to this complaint and the remedies requested herein.

## FACTUAL AND PROCEDURAL HISTORY

13.    Petitioner, Wayne State University is a public research university Detroit, Michigan.

14.    On December 21, 2020, Petitioner properly filed an extension of H-1B1 status through an I-129 Petition for Nonimmigrant Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval. (**TAB A**: See Receipt Number: EAC2108951079)

15.    Mr. Rodriguez-Sandoval's employment authorization is automatically extended 240 days while the petition remains pending and will expire on August 28, 2021 (**TAB B**) and his continued employment is critical to an ongoing international research project being conducted jointly by the United states and Chile, funded by the National Institute of Health

16.    Petitioner has verified the processing times for adjudicating an I-129 Petition for Nonimmigrant Worker – Extension of Stay in the U.S. as 2-4 months. (**TAB C**: See USCIS Processing Times for H-1B1)

17.     Petitioner has verified that as of August 4, 2021, Respondents have failed to adjudicate the I-129 Petition for Nonimmigrant Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval (**TAB D**: Case Status Inquiry)

18.     Petitioner's I-129 extension of status for Mr. Rodriguez-Sandoval is of critical need as he develops and maintains the information repository of the Perinatology Research Branch (PRB) and is responsible for development of a database interface between the United states and Chile. The PRB is the only Clinical Branch in the Division of Intramural Research (DIR) of the National Institutes of Health (NIH) to focus its research on human pregnancy and unborn children. It is currently housed at the Detroit Medical Center in Detroit, Michigan through a service contract. The Branch has thrived in this environment, earning a national and international reputation for its pioneering work and scientific achievements. (**TAB E**: Webpage of The Perinatology Research Branch – NICHDNIH)

19.     Considering USCIS' own processing times of an I-129 Petition for Nonimmigrant Worker – Extension of Stay in the U.S. as 2-4 months. Petitioner's petition is four months outside of normal processing time. Without an approved extension or critical work would be severely hindered.

## APPLICABLE LAW, STATUTORY AND REGULATORY SCHEME

6

20.    Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(b) which states, in pertinent part, [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it" as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

21.    Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(e) which provides that "Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial," as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

**COUNT I:**
**MANDAMUS**

22.    Plaintiff realleges and incorporates by reference all the preceding facts and allegations of this Complaint.

23.    A mandamus Plaintiff must establish that:

    i.   Plaintiff has a clear right to the relief requested;

ii. The Defendant owes a clear duty to perform the act in question, which act is ministerial and non-discretionary;

iii. No other adequate remedy is available. *See* 28 U.S.C. § 1331; *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1980); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980); *Rios v. Ziglar*, 398 F.3d 1201 (10th Cir. 2005).

24.     Plaintiff has satisfied each of these prongs.

25.     Plaintiff, Wayne State University, has a clear right to have the I-129 it filed adjudicated to completion in a timely manner, in accordance with USCIS' congressional mandate to adjudicate immigration applications and benefits.

26.     Plaintiff's interests are clearly within the zone of interests protected by the Immigration and Nationality Act and the applicable regulations.

27.     The Administrative Procedures Act permits judicial review of agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, the APA requires an agency to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(e).

28.     The Defendants owe Plaintiff a clear, ministerial, and non-discretionary duty to timely adjudicate its I-129 to completion in accordance with applicable laws and to do so in a reasonable time.

29.     There is no evidence that the delay is attributable to the actions of the Plaintiff. *Compare, Wang v. Reno,* No. 01 Civ. 1698 (BSJ), 2001 U.S. Dist. LEXIS 15577, at *6 (S.D.N.Y. Sept. 27, 2001) (noting that the plaintiff was "largely responsible for the delay in her case" by submitting incorrect or incomplete information).

30.     Plaintiff has exhausted his administrative remedies. No other remedy exists for Defendants continued and unexplainable withholding of action on his properly filed I-129.

## COUNT II:

## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

31.     Plaintiff realleges and incorporates by reference all the preceding facts and allegations of this Complaint.

32.     Defendants are in violation of the administrative procedures act, 5 USC § 701 et seq (a) in that they have unlawfully withheld and unreasonably delayed agency action to which the plaintiff is entitled and (b) in that they have taken

action that is arbitrary and capricious, an abuse of discretion and not in accordance with the law by failing to adjudicate Plaintiff's I-130 in a timely manner;

33.     As stated above, Plaintiff has a clear right to the relief requested.

34.     Defendants' failure to act on Plaintiff's properly filed petition is arbitrary, capricious, and not in according with the law, regulations, and USCIS policy, and is so egregious as to constitute affirmative misconduct.

35.     Defendants' have obstructed and ignored all good faith attempts to resolve the situation in a reasonable and timely manner.

36.     Plaintiff has exhausted his administrative remedies. No other remedy exists for Defendants continued and unexplainable withholding of action on his properly filed I-129.

WHEREFORE, Plaintiff, Wayne State University, respectfully requests that this Honorable Court take the following actions:

> A. Find that the Defendants have acted arbitrarily and
>    capriciously, have acted in bad faith, have failed to act in a
>    timely manner, and have breached their duty owed to the
>    Plaintiff;

B.  Issue a Writ of Mandamus compelling immediate adjudication

and issuance of a decision on Plaintiff's I-129 Petition for

Nonimmigrant Worker – Extension of Stay in the U.S.;

C.  Award Plaintiff his reasonable attorney's fees, costs, and

expenses of litigation under the Equal Access to Justice Act,

28 U.S.C. § 2412; and

D.  Grant any other and further relief that this Court deems proper

under the circumstances.

Respectfully Submitted,

*/s/ Robert M. Birach*
Robert M. Birach, Esq
Birach Law, PC
Attorney for Plaintiff
26211 Central Park Blvd, Suite 209
Southfield, MI 48334
(313) 964-1234

Dated: August 4, 2021

## LOCAL RULE CERTIFICATION:

I, <u>Robert M. Birach</u>, certify that the <u>Petition for Writ of Mandamus filed on August 4, 2021</u> complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted,

<u>/s/ Robert M. Birach</u>
Robert M. Birach, Esq
Birach Law, PC
Attorney for Plaintiff
26211 Central Park Blvd, Suite 209
Southfield, MI 48334
(313) 964-1234

Dated: August 4, 2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYNE STATE UNIVERSITY

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY (DHS);
U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);
ALEJANDRO MAYORKAS, Secretary of United States Department of Homeland
Security (DHS), in his official capacity; and
UR MENDOZA JADDOU, Director of USCIS, in his official capacity; and
TRACY RENAUD, Acting Deputy Director, USCIS, in her official capacity.

Respondents.
_____/

BIRACH LAW, PC
By: Robert M. Birach, Esq (P29051)
26211 Central Park Blvd., Suite 209
Southfield, MI 48076
Tel: (313) 964-1234
Fax: (313) 887-0263
Email: bob@cgblegal.com

## PETITION FOR WRIT OF MANDAMUS

1

## INTRODUCTION

Petitioner states:

1.    Petitioner, Wayne State University, brings forth this action to compel

Respondents to adjudicate its properly filed I-129 Petition for Nonimmigrant

Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval.

2.    Petitioner requests immediate adjudication of its petition as Respondents

have improperly withheld action on this petition to Petitioner's detriment.

3.    No petition for a writ of mandamus has been previously filed by Petitioner to

review the actions described herein.

## PARTIES

4.    Petitioner, Wayne State University is a public research university Detroit,

Michigan.

5.    The Respondents are:

i.  U.S. Department of Homeland Security (DHS);

ii.  U.S. Citizenship and Immigration Services (USCIS);

iii. Alejandro Mayorkas, Secretary of United States Department of

Homeland Security (DHS), in his official capacity;

2

iv. Ur Mendoza Jaddou, Director of U.S. Citizenship & Immigration Service
(USCIS), in her official capacity; and

v. Tracy Renaud, Acting Deputy Director, USCIS, in her official capacity.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over all Respondents, as they can be
reached by service of process.

7.      Subject matter jurisdiction is conferred on this Court by:

i.   28 U.S.C. § 1331 (Federal Question Jurisdiction): The district courts
shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States;

ii.  28 U.S.C. § 1361 (Mandamus Statute): The district courts shall have
original jurisdiction of any action in the nature of mandamus to compel
an officer or employee of the United States or any agency to perform a
duty owed to the Petitioner;

iii. 5 U.S.C. S 706, *et seq*. (Administrative Procedures Act): The reviewing
court shall compel agency action unlawfully withheld or unreasonably
delayed.

iv. 8 U.S.C. § 555(b): "[w]ith due regard for the convenience and necessity

of the parties or their representatives and within a reasonable time, each

agency shall proceed to conclude a matter presented to it."

8.      Venue in the Eastern District of Michigan is proper under 28 U.S.C. §

1391(e) and 28 U.S.C. § 2891(e) because Petitioner's action is against officers and

agencies of the United States in their official capacities brought in a district where

Petitioner resides, and all the Respondents can be reached by service of process.

## STANDING

9.      Petitioner has constitutional standing under *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 559 (1992), as one who has suffered a concrete injury due to

Respondents' action (or failure to act), which injury will be redressed by a

favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61

(1992). Petitioner has been injured by the ongoing failure of Respondents to timely

adjudicate its properly filed I-129 Petition for Nonimmigrant Worker on behalf of

Gerardo Estanislao Rodriguez-Sandoval

## EXHAUSTION OF REMEDIES

10.     Petitioner has exhausted all the administrative remedies available to him at

this point.

11.   USCIS has failed to perform its mandate in a timely manner, as described in this lawsuit.

12.   Petitioner has no adequate remedies available to him other than resorting to this complaint and the remedies requested herein.

## FACTUAL AND PROCEDURAL HISTORY

13.   Petitioner, Wayne State University is a public research university Detroit, Michigan.

14.   On December 21, 2020, Petitioner properly filed an extension of H-1B1 status through an I-129 Petition for Nonimmigrant Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval. (**TAB A**: See Receipt Number: EAC2108951079)

15.   Mr. R's Employment authorization is automatically extended 240 days while the petition remains pending and will expire on August 28, 2021 (**TAB__**) and his continued employment is critical to an ongoing international research project being conducted jointly by the United states and Chile, funded by the National Institute of Health

16.   Petitioner has verified the processing times for adjudicating an I-129 Petition for Nonimmigrant Worker – Extension of Stay in the U.S. as 2-4 months. (**TAB B**: See USCIS Processing Times for H-1B1)

5

17.     Petitioner has verified that as of August 4, 2021, Respondents have failed to adjudicate the I-129 Petition for Nonimmigrant Worker on behalf of Gerardo Estanislao Rodriguez-Sandoval (**TAB C**: Case Status Inquiry)

18.     Petitioner's I-129 extension of status for Mr. Rodriguez-Sandoval is of critical need as he develops and maintains the information repository of the Perinatology Research Branch (PRB) and is responsible for development of a database interface between the United states and Chile. The PRB is the only Clinical Branch in the Division of Intramural Research (DIR) of the National Institutes of Health (NIH) to focus its research on human pregnancy and unborn children. It is currently housed at the Detroit Medical Center in Detroit, Michigan through a service contract. The Branch has thrived in this environment, earning a national and international reputation for its pioneering work and scientific achievements. (**TAB D**: Webpage of The Perinatology Research Branch – NICHDNIH)

19.     Considering USCIS' own processing times of an I-129 Petition for Nonimmigrant Worker – Extension of Stay in the U.S. as 2-4 months. Petitioner's petition is four months outside of normal processing time. Without an approved extension or critical work would be severely hindered.

### APPLICABLE LAW, STATUTORY AND REGULATORY SCHEME

20.     Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(b) which states, in pertinent part, [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it" as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

21.     Judicial review of unreasonably-delayed agency actions is provided for under 5 U.S.C. § 555(e) which provides that "Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial," as well as 5 U.S.C. § 706(1) which provides that courts shall compel agency action unlawfully withheld or unreasonably delayed.

## COUNT I:
## MANDAMUS

22.     Petitioner realleges and incorporates by reference all the preceding facts and allegations of this Complaint.

23.     A mandamus Petitioner must establish that:

 i.  Petitioner has a clear right to the relief requested;

7

ii. The Respondent owes a clear duty to perform the act in question, which act is ministerial and non-discretionary;

iii. No other adequate remedy is available. *See* 28 U.S.C. § 1331; *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1980); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 534 (5th Cir. 1980); *Rios v. Ziglar*, 398 F.3d 1201 (10th Cir. 2005).

24. Petitioner has satisfied each of these prongs.

25. Petitioner, Wayne State University, has a clear right to have the I-129 it filed adjudicated to completion in a timely manner, in accordance with USCIS' congressional mandate to adjudicate immigration applications and benefits.

26. Petitioner's interests are clearly within the zone of interests protected by the Immigration and Nationality Act and the applicable regulations.

27. The Administrative Procedures Act permits judicial review of agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, the APA requires an agency to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(e).

28.    The Respondents owe Petitioner a clear, ministerial, and non-discretionary

duty to timely adjudicate its I-129 to completion in accordance with applicable

laws and to do so in a reasonable time.

29.    There is no evidence that the delay is attributable to the actions of the

Petitioner.  *Compare, Wang v. Reno,* No. 01 Civ. 1698 (BSJ), 2001 U.S. Dist.

LEXIS 15577, at *6 (S.D.N.Y. Sept. 27, 2001) (noting that the Petitioner was

"largely responsible for the delay in her case" by submitting incorrect or

incomplete information).

30.    Petitioner has exhausted his administrative remedies. No other remedy exists

for Respondents continued and unexplainable withholding of action on his

properly filed I-129.

## COUNT II:

## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

31.    Petitioner realleges and incorporates by reference all the preceding facts and

allegations of this Complaint.

32.    Respondents are in violation of the administrative procedures act, 5 USC §

701 et seq (a) in that they have unlawfully withheld and unreasonably delayed

agency action to which the Petitioner is entitled and (b) in that they have taken

action that is arbitrary and capricious, an abuse of discretion and not in accordance with the law by failing to adjudicate Petitioner's I-130 in a timely manner;

33.     As stated above, Petitioner has a clear right to the relief requested.

34.     Respondents' failure to act on Petitioner's properly filed petition is arbitrary, capricious, and not in according with the law, regulations, and USCIS policy, and is so egregious as to constitute affirmative misconduct.

35.     Respondents' have obstructed and ignored all good faith attempts to resolve the situation in a reasonable and timely manner.

36.     Petitioner has exhausted his administrative remedies. No other remedy exists for Respondents continued and unexplainable withholding of action on his properly filed I-129.

WHEREFORE, Petitioner, Wayne State University, respectfully requests that this Honorable Court take the following actions:

> A. Find that the Respondents have acted arbitrarily and capriciously, have acted in bad faith, have failed to act in a timely manner, and have breached their duty owed to the Petitioner;

B. Issue a Writ of Mandamus compelling immediate adjudication
and issuance of a decision on Petitioner's I-129 Petition for
Nonimmigrant Worker – Extension of Stay in the U.S.;

C. Award Petitioner his reasonable attorney's fees, costs, and
expenses of litigation under the Equal Access to Justice Act,
28 U.S.C. § 2412; and

D. Grant any other and further relief that this Court deems proper
under the circumstances.

Respectfully Submitted,


*/s/ Robert M. Birach*
Robert M. Birach, Esq
Birach Law, PC
Attorney for Petitioner
26211 Central Park Blvd, Suite 209
Southfield, MI 48334
(313) 964-1234

Dated: August 4, 2021

11

## LOCAL RULE CERTIFICATION:

I, Robert M. Birach, certify that the Petition for Writ of Mandamus filed on August 4, 2021 complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted,

/s/ Robert M. Birach
Robert M. Birach, Esq
Birach Law, PC
Attorney for Petitioner
26211 Central Park Blvd, Suite 209
Southfield, MI 48334
(313) 964-1234

Dated: August 4, 2021